**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **HENRY L. STANCHIEL #1983281** | § | |
| | § | |
| **V.** | § | **W-18-CA-183-RP** |
| | § | |
| **LORIE DAVIS** | § | |

## ORDER

Before the Court is Petitioner's Petition For a Writ of Habeas Corpus by a Person in State Custody. Petitioner is proceeding pro se and has paid the filing fee. For the reasons set forth below, Petitioner's application for writ of habeas corpus is dismissed with prejudice as time-barred.

**Procedural History**

According to the state court records, Petitioner was convicted on January 8, 2015. Petitioner did not appeal. Petitioner executed his state habeas application on July 10, 2017, and it was denied on September 27, 2017.

## DISCUSSION

Petitioner's application is barred by the one-year statute of limitations. Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d).  That section provides, in relevant part:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

1

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final, at the latest, on February 9, 2015. Therefore, Petitioner had until February 9, 2016, to timely file his federal application. Petitioner did not execute his federal application for habeas corpus relief until June 13, 2018, over two years after the limitations period had expired.

Petitioner's state application did not operate to toll the limitations period, because it was also filed after the limitations period had already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period). Thus, Petitioner's application is time-barred.

Petitioner may be contending he is entitled to equitable tolling. "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Although the Fifth Circuit has permitted equitable tolling in certain cases, it requires a finding of "exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (finding "exceptional circumstances" in a case in which the trial court considering the petitioner's application under Section 2254 granted the petitioner several extensions of time past the AEDPA statute of limitations). The Fifth Circuit has consistently found no exceptional circumstances in other cases where petitioners faced non-

routine logistical hurdles in submitting timely habeas applications. *See e.g. Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (proceeding pro se is not a "rare and exceptional" circumstance because it is typical of those bringing a § 2254 claim). As the Fifth Circuit has pointed out, "Congress knew AEDPA would affect incarcerated individuals with limited access to outside information, yet it failed to provide any tolling based on possible delays in notice." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).  The Fifth Circuit explained that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and noted that "excusable neglect" does not support equitable tolling.  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. America President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)).

Petitioner appears to contend that the nature of his claims entitles him to equitable tolling, though he fails to identify any reason for his delay in pursuing his claims. A petitioner's lack of familiarity with the legal process or lack of legal assistance during the filing period does not merit equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

Petitioner also may be asserting that the untimeliness of his application should be excused because he is actually innocent. In *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), the Supreme Court held a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in  *Schlup v. Delo*, 513 U.S. 298, 329 (1995). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *See Schlup*, 513 U.S. at 326–

27 (1995); *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup*). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998).

Petitioner does not provide any new evidence supporting any claim of actual innocence. Petitioner has made no valid attempt to show he was actually innocent of the crime for which was convicted nor has he provided any new or reliable evidence indicating that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he could not have discovered the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

## CONCLUSION

Petitioner's application for habeas corpus relief is dismissed with prejudice as time-barred.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).  Accordingly, a certificate of appealability shall not issue.

It is therefore **ORDERED** that Petitioner's application for writ of habeas corpus is **DISMISSED WITH PREJUDICE** as time-barred.

It is further **ORDERED** that all other pending motions are **DISMISSED**.

It is finally **ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** on August 30, 2018.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE