# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

June 05, 2019

Ms. Jeannette Clack
Western District of Texas, Waco
United States District Court
800 Franklin Avenue
Waco, TX 76701

    No. 18-50876    Henry Stanchiel v. Lorie Davis, Director
                      USDC No. 6:18-CV-183

Dear Ms. Clack,

Enclosed is a copy of the judgment issued as the mandate.

                              Sincerely,

                              LYLE W. CAYCE, Clerk

                              By: _____
                              Peter A. Conners, Deputy Clerk
                              504-310-7685

cc w/encl:
    Mr. Edward Larry Marshall
    Mr. Henry L. Stanchiel

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-50876

A True Copy
Certified order issued Jun 05, 2019

*Tyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

HENRY L. STANCHIEL,

                Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

                Respondent-Appellee

Appeals from the United States District Court
for the Western District of Texas

O R D E R:

      Henry L. Stanchiel, Texas prisoner # 01983281, filed a 28 U.S.C. § 2254 petition challenging his convictions in three separate cases for aggravated assault and possession of a firearm by a felon, theft of a firearm and possession of cocaine, and another count of aggravated assault. The district court dismissed his § 2254 petition as barred by the one-year statute of limitations period in 28 U.S.C. § 2244(d). Stanchiel moves for a certificate of appealability (COA) to appeal the district court's dismissal of his petition. In his COA motion, he argues that (1) his trial counsel had a conflict of interest because she was also serving as a prosecutor at the time she represented him; (2) his trial counsel was ineffective because (a) she did not investigate the facts and

witnesses or conduct discovery, (b) she did not file pertinent motions, and (c) she did not contact key witnesses; (3) his attorney's conflict of interest resulted in prosecutorial misconduct and vindictive prosecution; and (4) his guilty plea was not knowing and voluntary due to his counsel's erroneous advice.

To obtain a COA, Stanchiel must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). This standard is satisfied "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. When the district court denies relief based on procedural grounds, this court will issue a COA "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stanchiel does not identify any error in the district court's dismissal of his § 2254 petition as time barred. He has therefore abandoned the sole issue for appeal. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999). In any event, reasonable jurists would not find the district court's conclusions debatable. Accordingly, Stanchiel's COA motion is DENIED.

Signed: 6-4-2019

_____/s/ Catharina Haynes_____
CATHARINA HAYNES
UNITED STATES CIRCUIT JUDGE